IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CORRY PRESTON,

      Petitioner,

v.                           CASE NO. 1:14-cv-101-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging his jury-trial convictions

in Alachua County for one count of battery and two counts of aggravated

stalking, for which he is serving a total 15-year sentence.  ECF No. 1.  The

Respondent filed a response to the merits of the Petition, ECF No. 26, and

Petitioner filed a reply, ECF No. 31.  Upon due consideration of the

Petition, the response, the state-court record, and the reply, the

undersigned recommends that the Petition be denied.[1]

## I.  State-Court Proceedings

The procedural history of this case is summarized in the Response,

_____

[1] Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

and Petitioner does not dispute the accuracy of that summary. *See* ECF No. 26, ECF No. 31.

Petitioner was originally charged with one court of burglary with battery, one count of aggravated stalking—violation of court order, and one count of aggravated stalking by credible threat. The evidence presented at trial is discussed in more detail below in the context of each of Petitioner's claims. To summarize, the State presented evidence that in January 2010, Petitioner was living with his girlfriend, Krystal Foxworth, in her home. Foxworth asked Petitioner to leave and reclaimed her key. On January 13, 2010, Petitioner returned to the home and Foxworth refused to let him in. Petitioner forced in the door and dragged Foxworth around the house by her hair. Foxworth closed herself in a bedroom, but Petitioner forced open the door and battered Foxworth, scratching her face and bruising her sides. Following Petitioner's arrest and release on conditions, including having no contact with Foxworth, he made threatening phone calls to both Foxworth and her mother and went to Foxworth's mother's house. Petitioner threatened to kill Foxworth, their children, and Foxworth's mother. After Petitioner was jailed for violating his conditions of release, he made 187 calls to Foxworth, including calls to threaten her and

persuade her to change her testimony for trial. Recordings of 27 calls were played for the jury, which found him guilty of battery (a lesser included offense of count 1), and both aggravated stalking counts. ECF No. 26-2 at 227 to 26-3 at 348.

Petitioner successfully appealed his sentence on the basis of errors regarding his status as a prison releasee reoffender (which are not relevant to this case), and was resentenced to essentially the same term of imprisonment on July 12, 2012. ECF No. 26-1 at 23-30, 101-05. Petitioner then sought postconviction relief by way of a Fla. R. Crim. P. Rule 3.850 motion, which was summarily denied without an evidentiary hearing on November 11, 2013. *Id*. at 172-87. The First DCA affirmed, *per curiam*, without written opinion on March 27, 2014. ECF No. 26-2 at 222.

The instant habeas corpus petition followed. Petitioner asserts ten claims of ineffective assistance of counsel: (1) failure to advise of the maximum sentence he faced; (2) failure to review evidence with him and providing erroneous advice on a plea offer; (3) misadvice regarding the allegations against Petitioner and failure to request a statement of particulars; (4) failure to move to exclude evidence; (5) failure to move to exclude testimony; (6) failure to object to improper impeachment evidence;

(7) failure to object to hearsay; (8) failure to object to improper closing

argument; (9) failure to file a motion for new trial challenging the weight of

the evidence; and (10) cumulative error.  ECF No. 1.

## II.  Section 2254 Standard of Review

The Anti-Terrorism and Effective Death Penalty Act (AEDPA)

imposes limitations on the scope of this Court's review.   Under 28 U.S.C.

§ 2254(d)(2), a federal court may not grant a state prisoner's application for

a writ of habeas corpus based on a claim already adjudicated on the merits

in state court unless that adjudication "resulted in a decision that was

based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  Under § 2254(e)(1), "a

determination of a factual issue made by a State court shall be presumed

to be correct," and the petitioner "shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  "'[A]

state-court factual determination is not unreasonable merely because the

federal habeas court would have reached a different conclusion in the first

instance.'"  *Burt v. Titlow, ___ U.S. ___,*  2013 WL 5904117, *4

(2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief

only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## III. Discussion

### A. *Failure to advise of maximum sentence*

Petitioner contends that his counsel failed to advise him, in the context of plea negotiations, as to the maximum penalty he faced if he went to trial. ECF No. 6 at 6. He further contends that his counsel misadvised him regarding the use of recorded phone calls that he made from the jail as evidence at trial. *Id*.; ECF No. 31 at 9-10. Before the state

court, Petitioner alleged in this claim that he was unaware he faced a potential sentence of 15 years imprisonment, and believed he was facing a maximum sentence of one year in the county jail. ECF No. 26-1 at 175-76.

In summarily rejecting this claim on postconviction review, the trial court explained that Petitioner's case was originally charged as two cases that were consolidated for trial. The first case concerned the burglary with battery, which carried a potential life sentence. The second case concerned Petitioner's violation of the no-contact order by going to the victim's house and threatening to kill her and her family. Petitioner was charged with two counts of aggravated stalking in that case. While being held at the jail, he called the victim 187 times. ECF No. 26-1 at 176-77.

During Petitioner's arraignment, his counsel told the court that Petitioner needed to listen to the calls that had been provided to the defense. Petitioner responded that he wanted a speedy trial. On July 23, 2010, the State consolidated the cases. The burglary charge was set for trial, but the stalking charges were not set for trial. At a case management conference, counsel advised Petitioner that the State's plea offer of a total of 5 years imprisonment as a non-PRR was still open, but before counsel could finish speaking Petitioner interrupted and said "trial". Petitioner

insisted he wanted to proceed to trial on both cases, and based on that request both cases were set for trial. *Id.* at 177-78, 219.

During an August 11, 2010, trial status conference, counsel advised Petitioner that the State had rejected his counter plea offer of 2 years imprisonment and was seeking to charge him as a PRR. Counsel advised Petitioner on the record that if he were convicted as a PRR, the court would have no choice but to sentence him to the statutory maximum sentence for any enumerated felony of which he was convicted. Petitioner stated that he wanted to proceed to trial, and objected when the State sought a continuance due to scheduling issues. *Id*. at 178.

At jury selection, Petitioner's counsel inquired whether he wanted counsel to move to sever the burglary with a battery charge from the aggravated stalking charges. Petitioner insisted on going to trial on all three counts. *Id*.

On the first day of trial, counsel informed the court that he had not received all of the jail calls that the State intended to introduce into evidence. Counsel further told the court that Petitioner did not want to sever the stalking counts or continue the case, and did not want to consider a plea. Petitioner affirmed on the record that at that time there

was no formal plea offer from the State, and Petitioner did not want to further explore a plea offer.  *Id*.; ECF No. 26-2 at 8-9.

Based on this factual history, the state court on postconviction review concluded that Petitioner's claim was without merit.  The court found that Petitioner was aware of the charges in the Amended Information, and knew that he was facing a substantially longer sentence than one year in county jail if he was convicted.  The court found that even if counsel did not inform Petitioner of the potential sentence that the lesser-included offense of battery carried, Petitioner was aware before trial that the charged offense carried a potential mandatory minimum life sentence.  Petitioner repeatedly rejected a plea to five years in prison as a non-PRR, and insisted on a speedy trial.  Further, Petitioner was aware that the jail calls would be used at trial (as discussed on the record), and insisted on a speedy trial as to *all* charges even when his counsel sought to sever the charges to which the jail calls applied.  ECF No. 26-1 at 179.  The court therefore concluded that:

> [T]he record is clear that Defendant would have proceeded to trial regardless of whether or not counsel misadvised him as to the potential sentence he faced for a battery conviction. Defendant was adamant on receiving a speedy trial on his charges.  And, even when at trial when he knew that the additional jail calls would be coming in to evidence, he still

refused the opportunity to enter a plea.  For these reasons,
Defendant fails to either show error by counsel or prejudice.

Although Petitioner continues to maintain that counsel informed him
he faced only a one-year sentence if convicted of battery, there is nothing
in the record that supports his claim and the portions of the record
identified by the state postconviction court do not support a conclusion that
he was misadvised of the maximum penalties he faced.  Further, it is
abundantly clear from the record that Petitioner had no interest in
accepting a plea offer that would have avoided a PRR sentence and
demanded a speedy trial on the three consolidated charges at the same
time.  On this record, the undersigned concludes that Petitioner has failed
to show that the state court's rejection of this ineffective-assistance claim
was "so lacking in justification that there was an error . . . beyond any
possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

## B.  Failure to review evidence with Petitioner

In his second claim, Petitioner contends that his counsel failed to
review evidence with him which caused him to reject the State's plea offer.
ECF No. 6 at 7.  Although Petitioner fails to specifically identify any such
evidence, in the state postconviction court he identified some of the jail
calls that were not disclosed until trial.

In rejecting this claim on postconviction review, the state court observed that Petitioner was aware of the jail calls long before trial, as detailed above, and had personally reviewed all but ten of the calls prior to trial. The remaining 10 were reviewed immediately before trial commenced. ECF No. 26-1 at 180; ECF No. 26-2 at 21-27. Further, the 187 calls were made by Petitioner to the victim and it was "disingenuous . . . to claim that he did not know that there were calls between him and the victim after he was ordered to have no contact with her." ECF No. 26-1 at 180. The court observed that Petitioner conceded at trial that he knew he was not allowed to communicate with Foxworth. The court further noted that Petitioner insisted on invoking his speedy trial rights, which prevented counsel from conducting additional investigation that might have identified the additional 10 calls prior to commencement of trial. *Id*. The court therefore concluded that Petitioner had failed to establish either error by counsel or prejudice.

Although Petitioner essentially restates the argument he made in the state court, he points to nothing in the record that would support a conclusion that the state court's determination was "so lacking in justification that there was an error . . . beyond any possibility for

fairminded disagreement.'"   *Burt,* 134 U.S. at 15.  Petitioner has failed to

established that this claim presents a basis for federal habeas relief.

### C.  Counsel's failure to request a statement of particulars

Petitioner contends that his trial counsel was "confused" about how

the state alleged that the offense arose, and should have requested a

statement of particulars.  He asserts that the charging information was

"ambiguous."  He suggests that counsel's errors led to erroneous advice

during plea bargaining.  ECF No. 6 at 9; ECF No. 31 at 12.

Petitioner's claim is vague and conclusional.  The state

postconviction court concluded that a motion for a statement of particulars

would have been denied because the Amended Information clearly

charged that Petitioner made threats to the victim "on or around April 16,

2010".  ECF No. 26-1 at 181.  The court noted that the jail calls were

admitted to show that the threats on or around that date occurred, that

Petitioner continued to call the victim even after he was ordered not to, and

that he knew he was not supposed to call the victim.  Thus, the specific

content of the calls was not as important as the fact that they were made.

The court concluded that counsel neither erred nor was Petitioner

prejudiced by counsel's failure to seek a statement of particulars.

Petitioner's vague and conclusional claims in this court do not establish that the state court's decision was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## D. Failure to object to admissibility of evidence

Petitioner claims that his counsel failed to object to inadmissible evidence and allow the State to mislead the jury. He contends that evidence was used to "prove the case on dates not alleged in the information," because the jail calls reflected harassment occurring after the dates alleged. ECF No. 6 at 11.

As noted above, the state court concluded that the content of the calls were less important than the fact that they were made *after* Petitioner was ordered not to contact the victim following threats made on April 16, 2010, and thus were relevant to the aggravated stalking charges. The court noted that the calls were evidence of Petitioner's ongoing violation of the court order as well as evidence that he threatened the victim. The court found that any motion by counsel to exclude or redact the evidence would have been rejected, and that the calls were an inseparable part of the charges against Petitioner. The court rejected Petitioner's assertion

that the calls should have been excluded as evidence of uncharged collateral crimes.  The court therefore found that counsel was neither deficient with respect to the admission of evidence nor was Petitioner prejudiced.  ECF No. 26-1 at 182-83.

To the extent that Petitioner is attempting to challenge the state court's evidentiary rulings, a state trial court's evidentiary rulings do not provide a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial.  *See Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998).  Even if erroneous, a Petitioner must show that the ruling "'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" *Id.*  (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

On this record, Petitioner has failed to make that showing because the admission of the tapes was not erroneous in view of the charges against Petitioner.  Further, because it is clear that the state court would have rejected any attempt by counsel to exclude or redact the calls, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,*

134 U.S. at 15.

### E.  Failure to object to testimony of threat to harm children

Petitioner contends that his counsel should have objected to testimony by the victim regarding his threats to harm their children because the evidence amounted to an attack on his character.  ECF No. 6 at 13.  As the state court determined, this claim lacks any merit in the context of the charges against Petitioner—the court explained that the testimony "goes to the very issue of why Defendant was on trial: threatening the victim and her family.  Had counsel objected to the testimony on that basis, the objection would have been overruled."  ECF No. 26-1 at 184.

Counsel is not ineffective for failing to make objections that are frivolous and have no hope of success.  Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### F.  Failure to object to state impeaching its own witness

Petitioner contends that his counsel should have objected when the state improperly impeached its own witness.  ECF No. 6 at 14.  This claim is based on the victim changing her trial testimony from her statement to

police following the battery incident.  The state offered testimony by the law

enforcement officers who interviewed the victim after the incident.

As the trial court explained, the officers' testimony was not "improper

impeachment."  "The victim gave one account of what happened to her to

law enforcement initially and then changed her account of what happened .

. . [i]t is not improper for the Sate to introduce evidence of her initial

statement."  ECF No. 26-1 at 184-85.  The court explained that Petitioner's

claim attacked the weight, rather than the admissibility of the testimony,

and that an objection to the testimony would have been overruled.

Therefore, Petitioner failed to show either error by counsel or prejudice.  *Id*.

Although Petitioner repeats the argument made in the state court,

apart from his conclusional assertions he has failed to make any showing

that this claim provides a basis for federal habeas relief.  Petitioner has

failed to show that the state court's rejection of this ineffective-assistance

claim was "so lacking in justification that there was an error . . . beyond any

possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### G.  Failure to object to hearsay

Petitioner contends that his counsel failed to object to hearsay

evidence in the form of the jail calls.  ECF No. 6 at 16; ECF No. 31.  The

state court determined that the calls were not inadmissible hearsay under state evidentiary rules, and that counsel did not err by failing to object. ECF No. 26-1 at 185.

For the reasons stated above, Petitioner has failed to show that the state court's evidentiary rulings in this case provide any basis for federal habeas relief. Because it is clear that a hearsay objection would have been rejected, Petitioner has failed to show that counsel was ineffective. The state court's rejection of this ineffective-assistance claim was not "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

### H.  Failure to object to improper closing argument

Petitioner contends that his counsel was ineffective for failing to object to improper closing argument that went beyond the scope of the evidence presented at trial. ECF No. 6 at 18. Specifically, he contends that it was improper for the prosecutor to argue that domestic violence cases are "special" and that the victim was suffering from fear, love, and moving on with her life without Petitioner. ECF No. 31 at 18.

In rejecting this claim, the state court observed that wide latitude is afforded to closing arguments, and the state was merely arguing that the

jury should weigh the victim's conflicting statements against the other trial evidence, understanding that the victim had an inherent bias and motive to protect Petitioner.  The court therefore found that counsel was not ineffective for failing to object to the argument.  ECF No. 26-1 at 186.

This court's review of the record establishes that the state court's description of the argument is accurate.  In the context of the charges and the evidence presented at trial, Petitioner has failed to show that the argument was improper or that counsel erred in failing to object to it. The state court's rejection of this ineffective-assistance claim was not  "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### I.  Failure to filed proper motion for new trial

Petitioner asserts that counsel was ineffective for failing to file a motion for new trial challenging the weight of the evidence versus the sufficiency.  ECF No. 6 at 20.  He asserts that the victims' and officers' testimony at most supported a conviction for violation of a court order and simple assault, but those were questions for the jury.  The trial court determined that this claim in actuality challenged the sufficiency of the evidence, and could not be raised by way of a Rule 3.850 motion.  ECF

No. 26-1 at 186.

As the Respondent points out, Petitioner points to nothing in the record that suggests the evidence was so lacking in quality or weight such that the trial court would have granted a motion for a new trial. Indeed, the State's evidence included 187 jail calls made by Petitioner to the victim, the testimony of an officer who actually heard Petitioner make a threat, and evidence that the victim's testimony favorable to Petitioner was inconsistent with her contemporaneous accounts of the violence. On this record, Petitioner has failed to show that counsel was ineffective for failing to move for a new trial based on the weight of the evidence. The state court's rejection of this claim was not "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## J. Cumulative Error

Petitioner contends that counsel's cumulative errors deprived him of a fair trial. ECF No. 6. The state court rejected this claim because it found no independent error in Petitioner's other claims, and therefore there could be no cumulative error. ECF No. 26-1 at 187.

In rejecting a similar "cumulative error" argument made by a § 2254

petitioner, the Eleventh Circuit has stated, "The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim." *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x. 560, 564 (11th Cir. 2009) (*per curiam*). The *Forrest* panel further noted "[h]owever, the Supreme Court has held, in the context of an ineffective assistance claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Id.* at 564–65 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)); *see also Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003) ("Because the sum of various zeroes remains zero, the claimed prejudicial effect of their [the petitioners'] trial attorneys' cumulative errors does not warrant habeas relief.").

Petitioner has not demonstrated that any of his trial counsel's alleged errors, considered alone, rose to the level of ineffective assistance. Therefore, there are no errors to accumulate. Petitioner was not denied effective assistance of counsel, and he has not demonstrated his trial was fundamentally unfair. *Walls v. McNeil*, No. 3:06-cv-237-MCR, 2009 WL 3187066, at *30–*31 (N.D. Fla. Sept. 30, 2009) ("As previously discussed,

none of the alleged errors of trial counsel, considered alone, satisfy the threshold standard of ineffective assistance of counsel. Therefore, there are no errors to accumulate. Petitioner was not denied effective assistance of counsel, and he has not demonstrated that his trial was fundamentally unfair.").

## IV.   Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either

party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## V. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that

the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF

No. 6, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 16th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**